Filed 11/4/13  P. v. Murrietta CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MODESTO MURRIETTA,<br><br>    Defendant and Appellant. | 2d Crim. No. B244559<br>(Super. Ct. Nos. LA068321, LA068609 )<br>(Los Angeles County) |

Modesto Murrietta appeals from the judgment after conviction by plea of no contest to second degree robbery in Los Angeles Superior Court Case No. LA068609. (Pen. Code, § 211.)  Murrietta admitted that he suffered a prior prison sentence.  (§ 667.5, subd. (b).)  The trial court dismissed charges against Murrietta in an unrelated consolidated case (No. LA068321) and sentenced Murrietta to three years in state prison consisting of a two-year low term for the robbery and a one-year term for the enhancement.

We appointed counsel to represent Murrietta on this appeal.  After counsel's examination of the record, she filed an opening brief in which no issues were raised.  We advised appellant that he had 30 days in which to personally submit any contentions that he wished to raise on appeal.  He filed a timely supplemental letter brief challenging the sentence and the validity of the plea on the ground that his attorney rendered ineffective assistance of counsel.

A loss prevention officer testified at the preliminary hearing that Murrietta entered a Rite-Aid store, put a cell phone charger in his pocket, and left without paying. When the loss prevention officer confronted Murrietta outside, Murrietta pointed a pocket knife at him and told him not to get too close.

In an unrelated case, Murrietta was charged with committing four felonies against another victim: first degree burglary (§ 459); assault with a firearm (§ 245, subd. (a)(2)); assault with a deadly weapon (§ 245, subd. (a)(1)); and making criminal threats (§ 422.). (Los Angeles Superior Court Case No. LA068321.) The trial court ordered the two cases consolidated.

Before the cases were set for trial, Murrietta asked the court for permission to represent himself because he had a "gut" feeling and felt the case was "snowballing." The trial court granted his request. At Murrietta's next appearance, he asked the court to reappoint the public defender. The court reappointed the public defender.

Murrietta pled no contest to the robbery in case number LA068609. Pursuant to a plea agreement, the trial court dismissed an allegation that Murrietta committed the robbery with personal use of a deadly weapon (§ 12022, subd. (b)(1)) and dismissed the four felony counts in case number LA068321.

Before sentencing, Murrietta moved to withdraw his plea on the ground that it was coerced. He testified that he felt pressured because the prosecutor told him the deal would be "off the table" if he did not take it and because Murrietta's own attorney told him to take the deal. The trial court denied the motion. After entering judgment, the trial court denied Murrietta's request for a certificate of probable cause.

Murrietta has not established either that his counsel's representation fell below an objective standard of reasonableness or a reasonable probability that he would have obtained a more favorable result but for counsel's deficient performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694.) We presume counsel's conduct fell within the wide range of reasonable professional assistance, and we defer to reasonable tactical decisions. (*People v. Frye* (1998) 18 Cal.4th 894, 979.) Murrietta contends that his attorney should have contacted favorable witnesses and should have

2

presented a surveillance video in court to show he did not use a knife. Murrietta waived the right to present evidence. Moreover, he cannot establish prejudice because the knife allegation was dismissed and his sentence was not based on use of a weapon.

The record does not support Murrietta's contention that his attorney "pressured" him into the plea agreement while he was under "a diminished capacity of prescription medication." Murrietta actively and coherently joined in the negotiations on the record. He told the court that he was entering into the agreement freely and voluntarily. Murrietta has not established deficient performance and it is not reasonably probably that he would have obtained a more favorable outcome if he had not accepted the plea agreement. He had suffered three prior felonies and was facing up to 15 years in state prison but received only a three-year term under the agreement.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* ( 2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P.J.


We concur:



YEGAN, J.



PERREN, J.


3

Martin L. Herscovitz, Judge

Superior Court County of Los Angeles

_____

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.